Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD EDWARD FERGUSON,<br><br>Defendant. | NO. 3:00-cr-0076-JWS<br><br>**DONALD FERGUSON'S<br>DISPOSITION MEMORANDUM**<br><br>**(Filed on Shortened Time)** |

**I.   Introduction.**

Donald Ferguson submits this disposition memorandum to assist the court at the disposition hearing scheduled for February 16, 2007.  At disposition, Mr. Ferguson will be asking the court to modify his conditions of supervision to require that he reside at the Cordova Center for the next six months so that he can continue with the substance abuse treatment program he is currently enrolled in.

## II.     Mr. Ferguson Continues To Struggle With A Marijuana Problem.

As demonstrated by the original presentence report, as well as the violations giving risk to this petition, Mr. Ferguson continues to be plagued by a marijuana problem. Following his arrest, the magistrate judge released Mr. Ferguson to the Cordova Center so that he could maintain employment and commence substance abuse counseling. Since placement at the Cordova Center, Mr. Ferguson participates twice weekly with group sessions and once weekly individual counseling.

Gayle Nauska is a psychological social worker with 18 years experience working with chemically dependent people and 12 years experience dealing with chemically dependent people in the criminal justice system. *See* Exhibit A (Resume). Ms. Nauska recommends continued treatment in lieu of additional incarceration.

> Instead of incarceration in prison, I would like to see Mr. Ferguson continue in treatment in the Cornell Choices program. Mr. Ferguson has reported that anytime he has been in treatment, he has not used marijuana. He also indicated that he needs to find a balance between dealing with anxiety and stress, and life itself.
>
> What would be different if Mr. Ferguson were to continue in the Cornell Choices program? Mr. Ferguson becomes stressed very easily, and copes with stress by using marijuana. When he is in treatment, he copes with the stress by talking with his counselor. Mr. Ferguson is interested in finding out if psychotropic medication would be helpful by lowering his anxiety level. In the past, he has not been interested in taking medication. He also believes that if he could kick cigarettes, he could kick marijuana.
>
> I do not see where society's interests would be served by incarcerating Mr. Ferguson. He would be released without a job or housing, which would make it very tempting to reoffend. Mr. Ferguson has a strong work ethic. Other than his dirty UAs for

> marijuana, he has done well working, paying down his child support, paying his other financial obligations, and supporting his wife.

*See* Exhibit B (Letter from Counselor Nauska).

Involvement in the Cornell Choices program has been very helpful for Mr. Ferguson.

As he states in his letter to the court:

> I have a plan set up here at the Cordova Center with my case manager and my drug counseler (sic). I would like to let them help me help myself. This would utilize all the resources her at the Center plus outside meetings. The team here seems to believe that I need a minimum of 6 months in the program here. I hope that you will read this and know that I am working at a great job. I'm living in a safe, structured environment with a real opportunity to get well and build a life for myself.

*See* Tab C (Letter from Donald Ferguson).

### III. Despite His Difficulty With Marijuana, Mr. Ferguson Has Maintained Employment And Steadily Reduced His Child Support Obligation.

Mr. Ferguson has maintained employment throughout supervision. As Counselor Nauska has pointed out, Mr. Ferguson has worked continuously to reduce his outstanding child support obligation. When he last appeared before this court on May 18, 2006, his outstanding child support obligation was approximately $4,000.00. *See* Docket No. 57, pg. 2 (Disposition Memorandum). As of December 1, 2006, the remaining balance was $2,979.86. See Tab D (Child Support Services Division Statement of Account dated January 7, 2007).

### IV. Conclusion.

The recommended guideline range for grade C violations in this case is 7 - 13 months. The court has discretion not to revoke supervision but to instead modify the conditions of

supervision in a manner that directly addresses Mr. Ferguson's ongoing marijuana problem. For these reasons, Mr. Ferguson asks the court to modify his conditions of supervision to require placement in the Cordova Center for six months with direction that he continue to participate and successfully complete the substance abuse treatment presently in place.

DATED at Anchorage, Alaska this 15th day of February 2007.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on February 15, 2007,
a copy of *DONALD Ferguson's*
*Disposition Memorandum* was
served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

Travis Lyons
Probation Officer
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy