# United States District Court
### for the
## District of Alaska
Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED
MAY 21 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

| | |
|---|---|
| Name of Offender: Donald Ferguson | Case Number: A00-076 CR (JWS) |
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge |
| Date of Original Sentence: | March 12, 2001 |
| Original Offense: | Manufacturing Marijuana |
| Original Sentence: | 1,493 days jail, four years supervised release. |
| Date Supervision Commenced: | November 4, 2004 |
| Asst. U.S. Attorney: TBD | Defense Attorney: Kevin McCoy |

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on May 7, 2007, the defendant failed to appear for a drug test as directed. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on or about May 9, 2007, the defendant was discharged from the Cornell Choices outpatient drug treatment program. This violation is a Grade C violation. |

3   The defendant has violated the Standard Condition of Supervision number 7 "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on or about May 8, 2007, the defendant provided a urine sample which tested positive for the presence of methamphetamine. This violation is a Grade C violation.

4   The defendant has violated the Standard Condition of Supervision number 7 "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on or about May 11, 2007, the defendant provided a urine sample which tested positive for the presence of marijuana. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:


Respectfully submitted,

**Redacted Signature**

Eric Odegard
U.S. Probation/Pretrial Services Officer
Date: May 18, 2007


THE COURT ORDERS

[X]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

*Petition for Warrant or Summons*
*Name of Offender        :    Donald Ferguson*
*Case Number             :    A00-076 CR (JWS)*

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

# REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

_____May 18, 2007_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) | Case Number: A00-076 CR (JWS) |
| vs. ) ) | DECLARATION IN SUPPORT OF PETITION |
| Donald Ferguson ) ) ) |  |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Donald Ferguson, and in that capacity declare as follows:

On March 12, 2001, the defendant was sentenced to 1,493 days jail, four years supervised release, and a $100.00 special assessment for Manufacturing Marijuana. The defendant started his supervised release on November 4, 2004. Some of the defendant's Supervised Release conditions include that he not drink to intoxication, not possess or consume illegal narcotic drugs, and that he not commit any new federal, state, or local crimes.

On February 3, 2006, a Declaration to revoke probation and a declaration supporting that petition was filed with the U.S. District Court, alleging a new DUI conviction, four positive drug tests, and numerous missed UA tests. A summons was issued, setting an initial appearance on March 21, 2006.

On March 21, 2006, the defendant appeared before John D. Roberts, U.S. Magistrate Judge. At that time the defendant requested, and was granted a Court Appointed Attorney (Kevin McCoy). The defendant denied the allegations and the matter was scheduled for an evidentiary hearing on April 5, 2006.

On April 5, 2006, the defendant again appeared before John D. Roberts, U.S. Magistrate Judge, and admitted the allegations. This matter was set for final disposition before the Honorable Chief Judge John W. Sedwick on May 18, 2006.

On May 18, 2006, the defendant was sentenced to 90 days in the Community Corrections Center(Cordova Center). The defendant started his time on June 5, 2006, and was released on August 31, 2006.

On September 6, 2006, the defendant was placed on a random urine testing program. On September 7, 2006, the defendant failed to come in for a scheduled Urine test.

On September 14, 2006, the defendant reported for a urine test that subsequently tested positive for THC (marijuana). The defendant admitted to consuming marijuana the last day he was in the Cordova Center. This sample was confirmed to be positive for the presence of marijuana with a nanogram level of 144.

On October 3, 2006, the defendant failed to submit to a scheduled urine test.

On October 4, 2006, the defendant failed to submit to a scheduled urine test.

On October 6, 2006, the defendant submitted to a urine test that indicated positive for the presence of marijuana. This sample was later confirmed to be positive with a nanogram level of 17.

On October 16, 23, and 24, 2006 and November 6, 2006, the defendant submitted samples of urine that were negative for all controlled substances.

On November 14, 2006, the defendant submitted to a urine test that indicated positive for marijuana. This sample was confirmed to be positive for marijuana with a nanogram level of 187.

On November 27, 2006, the defendant submitted to a urine test that indicated positive for marijuana. This sample was confirmed to be positive for marijuana with a nanogram level of 1770.

On December 29, 2006, the defendant failed to submit to a scheduled urine test.

Due to the defendant's positive drug tests, he was placed in a drug/alcohol treatment program on December 12, 2006. The defendant missed treatment sessions on December 14, 21, 26, 27, and 28, 2006, as well as January 4, 2007.

On or about January 5, 2007, the probation officer filed a petition and declaration alleging nine violations, that included submitting positive drug tests (4) failing to show for drug testing (3), and failing to attend his treatment classes as directed. On or about January 5, 2007, a warrant for the defendant's arrest was issued and he was arrested on that warrant on January 10, 2007.

On January 10, 2007, the defendant appeared before the Honorable John D. Roberts, U.S. Magistrate Judge, for an initial appearance. At that time, the defendant requested a court appointed attorney   (Kevin McCoy) and denied all nine allegations. An evidentiary hearing was scheduled for January 23, 2007.

On January 23, 2007, the defendant appeared before the Honorable Ralph Beistline, U.S. District Court Judge, and admitted to four positive urine tests and three missed urine tests. The government moved to dismiss the remaining two allegations. Final disposition was set before

The Honorable John W. Sedwick, Chief U.S. District Court Judge, on February 9, 2007.

On February 16, 2007, the offender's conditions of supervision were modified to include a term of six months at the halfway house and to continue in Cornell Choices outpatient drug treatment program.

On February 27, 2007, the probation officer was notified that the offender had given urine samples at the halfway house (pending disposition of his petition) as follows:

- 1/12/07: Positive THC 788 ng/ml
- 1/25/07: Positive THC 17 ng/ml
- 2/02/07: Positive THC 40 ng/ml
- 2/10/07: Positive THC 115 ng/ml

On March 8, 2007, the probation officer was notified that the offender had given urine samples at the halfway house (since disposition of his petition) as follows:

- 2/15/07: Positive THC 55 ng/ml
- 2/24/07: Positive THC 100 ng/ml

On March 8, 2007, the offender was contacted and he admitted to using marijuana thenight before the 15th because he thought he was going to jail. Claimed that he was so "stressed" the night before court that if he hadn't used marijuana, he probably would have "run."

On April 2, 2007, the offender failed to appear for a urine test in the probation office.

On April 3, 2007, the offender left a message that "someone told him he missed a UA" and would come in "first thing in the morning" to make it up.

On April 4, 2007, the offender was reprimanded for missing his UA and the frequency of his drug testing was increased to eight per month.

On April 17, 2007, the probation office was informed that the offender provided a urine sample at the Cordova Center on March 22, 2007, which tested positive for THC at 29 ng/ml.

On May 1, 2007, the offender missed a mandatory group session with Cornell Choices outpatient drug treatment program.

On May 7, 2007, the offender missed a mandatory drug test at the probation office.

On May 8, 2007, the offender called and said that he had been working as an exotic entertainer at the Crazy Horse this weekend and thinks someone put something in his drink Saturday morning because he had been up for two days. He stated that he believed it must have been methamphetamine and missed his drug test in the probation office on purpose because he was sure he would be "dirty" for something. The offender wanted to know if he was going to be

arrested immediately if he was "dirty" and was told he would not be.

On May 8, 2007, the offender appeared in the probation office for a drug test and it was presumptively positive for methamphetamine. The sample was sent to the laboratory for confirmation. The offender was interviewed and stated that he received a phone call while working at Leroy's the previous Friday night. His shift was to end at 1:00 am Saturday morning. The caller, a male he knows only as Arthur, but whose real name is unknown to the offender, told him about a group of four ladies, who live in a big house on the hillside, who wanted to hire him as a stripper. After his shift ended, the offender went to the residence, the address of which is unknown to the offender, via taxicab and performed for the ladies. During the time he was there, he drank bottled water and "some kind of juice." After consuming those beverages, the offender stated that he felt like he had been drugged and lost track of time. He eventually got back to the Cordova Center before his curfew (i.e. 9 am) but he is not sure how. He thought it could have been via taxicab or one of the ladies giving him a ride. The offender opined that he was drugged with methamphetamine because he was awake for two days (i.e. Saturday and Sunday). He stated that he missed his drug test on Monday on purpose fearing that he would be positive. The offender swore to the probation officer that the aforementioned story was true and that he had not ingested methamphetamine voluntarily.

On May 10, 2007, the offender was discharged from the Cornell Choices Treatment Program as noncompliant. The reasons for the discharge including un-excused absences and positive drug tests.

On May 11, 2007, the offender provided a urine specimen, which tested presumptively positive for the presence of marijuana. That specimen was sent to the laboratory for confirmation.

On May 14, 2007, the probation officer received notification that the urine sample taken May 8, 2007, was confirmed positive for the presence of methamphetamine.

On May 18, 2007, the probation officer was notified that the urine sample taken May 11, 2007, was confirmed positive for the presence of marijuana.

Executed this 18th Day of May, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Eric Odegard
U.S. Probation Officer
District of Alaska